UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,  Case No. 2:24-cr-20523

v.  Honorable Susan K. DeClercq
    United States District Judge

RAPHAEL JERMAINE WILLIAMS, JR.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SEAL EXHIBIT TO SENTENCING MEMORANDUM (ECF No. 21) AND SEALING REDACTED AND UNREDACTED VERSIONS OF THE REPORT (ECF Nos. 21-1; 22)**

Defendant seeks permission to seal an exhibit to his sentencing memorandum that contains an expert report. ECF No. 21. Defendant asserts that shielding the report from public disclosure is necessary to protect his privacy because the report details "incredibly sensitive information about his personal social history, [mental-health diagnoses,] and childhood," including abuse. *Id.* at PageID.140. Defendant adds that a redacted version would still be an invasion of his privacy and that this Court would need an unredacted version to render an appropriate sentence. *Id.* The Government does not object. *Id.* at PageID.135.

A motion to seal items not authorized by statute or rule is beholden to Local Rule 5.3(b), which applies to criminal matters. *See* E.D. Mich. LCrR 1.1; E.D. Mich.

LR 1.1(c). "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). When determining whether to seal records, courts must consider "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* at 306.

Considering the relevant factors, Defendant has established a compelling reason to seal the expert report. *See id.* The report contains sensitive information about Defendant's history of childhood abuse and medical history concerning mental health. *See id.* at 308 (quoting *Baxter Int'l Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002) (noting that the names of minor survivors of sexual assault are information warranting sealed protection)).

Further, there is no obvious interest supporting access to the report considering that the majority of the information in Defendant's sentencing memorandum would remain publicly available. *See United States v. Rammouni*, No. 24-20399, 2025 WL 174835 at *1 (E.D. Mich. June 24, 2025) (finding that the defendant's psychiatric evaluation contained sensitive medical information and that the Court was "not aware of any compelling reason to disclose the results of the evaluation that outweigh the interests favoring nondisclosure"). Finally, the seal is

narrowly tailored to one short report in Defendant's overall sentencing memorandum. *See Grae v. Corrs. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2024). Therefore, Defendant's motion will be granted.

Of note, Defendant's motion mostly conforms to the requirements provided in Local Rule 5.3(b). However, because Defendant seeks to seal the entire report, Defendant erroneously submitted a redacted version of the report instead of simply "a blank sheet . . . filed as an exhibit" to his motion. E.D. Mich. LR 5.3(b)(3)(A)(v). *See also* ECF No. 21 at PageID.135, 141 (filing his "motion to seal an expert report, in its entirety" and noting that a redacted version "would be insufficient"). Nevertheless, this Court will overlook Defendant's minor procedural error and seal both the redacted and unredacted versions of the report.

Accordingly, it is **ORDERED** that Defendant's Motion to Seal Exhibit to Sentencing Memorandum, ECF No. 21, is **GRANTED**. To that end, Defendant's redacted version of the report, ECF No. 21-1, and the unredacted version of the expert report, ECF No. 22, shall both be **FILED UNDER SEAL** until further order of this Court.

**This is not a final order and does not close the above-captioned case**.

/s/Susan K. DeClercq  
SUSAN K. DeCLERCQ  
United States District Judge

Dated: September 10, 2025